**SEALED**
**BY ORDER OF THE COURT**

WARNING: THIS DOCUMENT FILED UNDER SEAL
PURSUANT TO CRIMINAL LOCAL RULE 32(j)

JEFFREY A. ROSEN
Acting Attorney General
ROBERT S. BREWER, JR.
United States Attorney
MICHAEL G. WHEAT, CBN 118598
JOSEPH J.M. ORABONA, CBN 223317
JANAKI G. CHOPRA, CBN 272246
COLIN M. MCDONALD, CBN 286561
Special Attorneys to the Attorney General
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
619-546-8437/7951/8817/9144
michael.wheat@usdoj.gov

Attorneys for the United States of America

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Dec 28, 2020, 11:09am
Michelle Rynne, Clerk of Court

# UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br>   v.<br><br>JESSE MICHAEL EBERSOLE,<br><br>                   Defendant. | CR NO. 18-00094-JMS-WRP<br><br>UNITED STATES' SENTENCING MEMORANDUM AS TO DEFENDANT JESSE MICHAEL EBERSOLE<br><br>Date: January 19, 2021<br>Time: 3:00 p.m.<br>Judge: Hon. J. Michael Seabright |

## UNITED STATES' SENTENCING MEMORANDUM

A grand jury's function is to investigate potential criminal conduct and determine whether criminal charges should be filed against the person being investigated. This is a significant responsibility, the results of which may result in felony convictions and imprisonment. Because of the gravity of the crimes

investigated by a grand jury, witnesses testifying must provide not only accurate and verifiable evidence, but must remain truthful throughout the questioning. When a witness disregards this duty, choosing instead to lie to the grand jury, the penalty—for good reason—can be quite punitive. In this case, defendant Jesse Michael Ebersole disregarded his obligation and lied to the grand jury. In fact, Ebersole conspired with Katherine P. Kealoha to obstruct the federal grand jury investigating her by having Ebersole testify falsely about his intimate relationship with Kealoha and his receipt of more than $20,000 in gifts and benefits from Kealoha. The obstruction was intended to prevent the grand jury from uncovering Kealoha's crimes against her uncle and grandmother and her extensive financial fraud.

The appropriate guideline range for Ebersole's crime is 10 to 16 months in prison. For reasons outlined below, the United States recommends a downward variance and sentence of 2 years' probation, with the standard and special conditions recommended by the probation officer, plus a condition of 5 months' home detention. The Court should also order Ebersole to pay a $20,000 fine and a $100 special assessment.

I

FACTUAL BACKGROUND

The facts of this case are outlined in the Plea Agreement (ECF 12) and PSR (ECF 30), and are incorporated by reference herein.

II

## THE GUIDELINES

### A. BASE OFFENSE LEVEL

The applicable Guideline for the count of conviction is § 2J1.2 ("Obstruction of Justice"). The base offense level is 14. USSG § 2J1.2(a).

### B. ACCEPTANCE OF RESPONSIBILITY

Ebersole pled guilty pursuant to the terms of a written plea agreement. Since the total offense level is 14, the United States recommends a 2-level downward adjustment for Ebersole's acceptance of responsibility under USSG § 3E1.1.

### C. TOTAL ADJUSTED OFFENSE LEVEL

With a base offense level of 14, and a 2-level downward adjustment for acceptance of responsibility, the total adjusted offense level is 12. Ebersole has no criminal history, and therefore, has zero criminal history points, placing him in Criminal History Category I. With a total adjusted offense level of 12 and Criminal History Category I, the advisory Guideline range is 10 to 16 months in prison.

III

## SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

After determining the applicable advisory Guidelines, the Court turns to the other factors set forth in 18 U.S.C. § 3553(a). Section 3553(a) requires that the Court consider, among other factors: (1) the nature and circumstances of the offense; (2)

the history and characteristics of the defendant; (3) the need for the sentenced imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (4) the need for the sentence imposed to afford adequate deterrence to criminal conduct; and (5) the need for the sentence imposed to avoid unwarranted sentencing disparities. As discussed further below, the balance of all the § 3553(a) factors warrants a downward variance from the advisory Guideline range.

### A. THE NATURE AND CIRCUMSTANCES OF THE OFFENSE

Obstruction of justice involves corruption, influence, impediments, and deceit, which frustrates government functions – especially the grand jury. Ebersole and Kealoha conspired in 2017 to obstruct the federal grand jury investigating her for framing her uncle and committing financial crimes. Consummating the conspiracy, Ebersole lied multiple times to the grand jury over multiple sessions (in April 2017 and October 2017). The maximum penalties for Ebersole's offense are 5 years in prison, $250,000 fine, and 3 years of supervised release. The nature and circumstances of the offense are serious and support the United States' recommended sentence.

### B. HISTORY AND CHARACTERISTICS OF THE DEFENDANT

The PSR sets forth Ebersole's history and characteristics in detail. PSR ¶¶ 40-63. Of note, Ebersole has an extensive work history. He was a firefighter in Hawaii

for approximately 27 years until he retired as a Battalion Chief. Currently, he works as a special projects coordinator with a homeless outreach center in Hawaii. His unlawful conduct was out-of-character and limited in scope. On balance, Ebersole's history and characteristics are mitigating and support a downward variance.

    C.    THE NEED TO REFLECT THE SERIOUSNESS OF THE OFFENSE, PROMOTE RESPECT FOR THE LAW, AND PROVIDE JUST PUNISHMENT

The sentence in this case needs to adequately reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense here. Ebersole's acts were intended to damage the integrity of the grand jury process. He took an oath to tell the truth, and spurned that obligation with ease by committing perjury. Ebersole was motivated by his personal relationship with Kealoha, his desire to avoid embarrassment, and his financial gain. The sentence recommended by the United States reflects the seriousness of Ebersole's offense, promotes respect for the law, and provides just punishment.

    D.    THE NEED TO AFFORD ADEQUATE DETERRENCE

A meaningful sentence is necessary to afford specific and general deterrence to prevent Ebersole and others from engaging in similar conduct. In this case, it is unlikely that Ebersole will reoffend, and therefore, specific deterrence is adequately addressed in the United States' recommended sentence. However, general deterrence is of critical importance.

"[General] deterrence occurs where a potential offender will commit a crime only if the benefits exceed the expected sanction." *United States v. Harder*, 144 F. Supp.3d 1233, 1240 and n.5 (D. Or. 2015) (citing Peter J. Henning, *Is Deterrence Relevant in Sentencing White-Collar Defendants?*, 61 Wayne L. Rev. 27, 40 (2015)). "The greater the perceived certainty, severity, and swiftness of punishment, the lower the crime rate will be." *Harder*, 144 F. Supp.3d at 1240 and n.6 (quotation marks and citation omitted). "It is also very difficult to predict deterrence because different thought processes are at play in motivating crime." *Id.*

The sentence recommended by the United States, which includes a lengthy period of home detention, should adequately deter others from engaging in similar conduct. It also informs other would-be offenders that such conduct results in immediately becoming legally classified as a felon, the loss of liberty, hefty fines, and ineligibility for certain federal benefits.

### E. THE NEED TO AVOID UNWARRANTED SENTENCING DISPARITIES

Section 3553(a)(6) requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). In this regard, the Guidelines themselves serve as a bulwark against sentencing disparity. *See United States v. Hunt*, 459 F.3d 1180, 1184 (11th Cir. 2006) ("The Guidelines . . . are an indispensable tool in helping courts achieve Congress's mandate to consider 'the

need to avoid unwarranted sentence disparities' among similarly situated defendants."); *United States v. Smith*, 445 F.3d 1, 7 (1st Cir. 2006) (noting that "the guideline range . . . is the principal means of complying with" the goal of avoiding unwarranted sentencing disparity); *United States v. Guerrero-Velasquez*, 434 F.3d 1193, 1195 n.1 (9th Cir. 2006) (recognizing that guidelines "help to maintain uniformity in sentencing throughout the country").

The United States' sentencing recommendation in this case properly balances the history, conduct, role, and acceptance of responsibility of Ebersole and results in no unwarranted sentencing disparity.

IV

SENTENCING RECOMMENDATIONS

A.   PROBATIONARY TERM

Based on the advisory guideline range and a review of the § 3553(a) factors, the United States recommends a downward variance from the advisory Guideline range and recommends a probationary sentence as follows:

- Count 1 – 2 years' probation with 5 months of home detention and the standard and mandatory conditions as recommended by the probation officer, including the following <u>additional</u> special conditions:
    o Be monitored for a period of 5 months, with location monitoring technology at the discretion of the probation officer. The offender

must abide by all technology requirements and must pay all or part of the costs of participation in the location monitoring program, as directed by the court and/or the probation officer. In addition to other court-imposed conditions of release, the offender's movement in the community must be restricted as specified below:

- *Home Detention* – you are restricted to your residence at all times except for employment, education, religious services, medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities preapproved by the probation officer.

B.   FINE AND SPECIAL ASSESSMENT

Under USSG § 5E1.2, the Court "shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay a fine." "The defendant bears the burden of proving that he is unable to pay a fine." *United States v. Ladum*, 141 F.3d 1328, 1344 (9th Cir. 1998). With an offense level of 12, the Guideline range for a fine is $5,500 to $55,000. USSG § 5E1.2. Based on Ebersole's financial ability to pay (i.e., net worth) in the PSR ¶ 63 and the factors in § 5E1.2(d), the United States recommends a $20,000 fine.[1]

---

[1] This tracks the amount of benefits received by Ebersole from Kealoha, as admitted by Ebersole in the plea agreement. *See* ECF 12 at 4.

Ebersole pled guilty to a single count Information. Therefore, Ebersole must pay a special assessment of $100.00.

V

CONCLUSION

Jesse Michael Ebersole obstructed the investigation by lying under oath before the grand jury investigating significant criminal activity. For his actions, the Court should impose a sentence consistent with the United States' recommendations, which is sufficient but not greater than necessary to achieve the goals of sentencing.

Dated: December 28, 2020.

Respectfully submitted,

JEFFREY A. ROSEN
Acting Attorney General
ROBERT S. BREWER, JR.
United States Attorney

MICHAEL G. WHEAT
JOSEPH J.M. ORABONA
JANAKI G. CHOPRA
COLIN M. MCDONALD
Special Attorneys to the Attorney General

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>JESSE MICHAEL EBERSOLE,<br><br>　　　　　　Defendant. | CR NO. 18-00094 JMS-WRP<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED that:

I, Michael G. Wheat, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, CA 92101-8893.

I am not a party to the above-entitled action. Upon filing, I will serve the foregoing on the following individuals:

1. Donald L. Wilkerson
   P.O. Box 42
   Laupahoehoe, HI 96764
   don@allislandslaw.com
   Counsel for Jesse M. Ebersole

2. Darsie J.T. Ing-Dodson
   Senior U.S. Probation Officer
   Honolulu, HI 96850-0001
   darsie_ing-dodson@hip.uscourts.gov

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 28, 2020.

_/s/ Michael G. Wheat_
MICHAEL G. WHEAT
Special Attorney to the Attorney General